## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FASHION OUTLETS AT FOXWOODS, LLC, TANGER FOXWOODS, LLC, and TANGER PROPERTIES LIMITED PARTNERSHIP, | |
| Plaintiffs, | 3:15-cv-01483 (CSH) |
| v. | |
| FOXWOODS FASHION OUTLETS, LLC, and GGH MANAGEMENT, LLC d/b/a GORDON GROUP HOLDINGS, | |
| Defendants. | |

## ORDER

**HAIGHT, Senior District Judge:**

### I.      INTRODUCTION

Plaintiffs, two limited liability companies ("LLC's") (Fashion Outlets at Foxwoods, LLC ("Owner") and Tanger Foxwoods, LLC ("Tanger Foxwoods")) and a limited partnership (Tanger Properties Limited Partnership ("Tanger Properties")) bring this action against two LLCs (Foxwoods Fashion Outlets, LLC ("Gordon") and GGH Management LLC ("GGH")) seeking to recover amounts owed under a Development Agreement between Owner, Tanger Properties, and GGH, dated May 1, 2012 and amended in relevant part on March 24, 2014.  Specifically, Plaintiffs allege that GGH is contractually obligated to repay Owner $568,053.89 that they allege is an "excess development fee" that Owner provided to GGH.

In their Complaint, Plaintiffs assert that this Court has subject matter jurisdiction based on

1

diversity of citizenship. Complaint [Doc. #1] ¶7 (citing 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States")).[1]  However, as set forth below, Plaintiffs have failed to allege sufficient facts to establish that such diversity of citizenship exists. Accordingly, the citizenship of the parties must be confirmed before this action may proceed.

## II.   <u>DISCUSSION</u>

It is incumbent on a federal court to determine with certainty whether it has subject matter jurisdiction over a case pending before it. As the Second Circuit has observed, "[f]irst is the obligation of a court, on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361-62 (2d Cir. 2000) (citing *Mt. Healthy City School District Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)); *see also Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *accord Univ. of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"). The court must therefore "review a plaintiff's complaint at the earliest opportunity to determine whether [there is in fact] subject matter jurisdiction." *Licari v. Nutmeg Ins. Adjusters, Inc.*, 2008 WL 3891734, at * 1 (D. Conn. July 31, 2008) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*,

---

[1]    The element of jurisdictional amount is satisfied in that Plaintiffs allege damages well in excess of $75,000.

109 F.3d 105, 107-08 (2d Cir. 1997) (holding that a district court may raise issue of subject matter jurisdiction *sua sponte* at any time)).

In general, if subject matter jurisdiction is lacking, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). *See, e.g., Lovejoy v. Watson,* 475 F. App'x 792, 792 (2d Cir. 2012) ("[w]here jurisdiction is lacking, . . . dismissal is mandatory") (internal quotations and citation omitted); *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte,* at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, *dismissal is mandatory.*" (emphasis added)).

In order for diversity of citizenship to exist, each plaintiff's citizenship must be diverse from that of each defendant. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80  (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).  Moreover, "[i]n an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).

In the Complaint at bar, Plaintiffs make the following allegations with respect to the citizenship of each of the parties.  As to the Plaintiffs, it asserts that: (i) Owner is a "Delaware limited liability company with a principal place of business . . . [in] North Carolina"; (ii) Tanger Foxwoods "is a North Carolina limited liability company with a principal place of business . . . [in] North Carolina"; and (iii) Tanger Properties "is a North Carolina limited partnership with its

3

principle place of business . . . [in] North Carolina." As to the Defendants, it asserts that: (i) Gordon "is a Delaware limited liability [*sic*] with its principal place of business . . . [in] Connecticut"[2]; and (ii) GGH "is a Delaware limited liability company with a principal place of business . . . [in] Connecticut."

Therefore, each Plaintiff is a Delaware or North Carolina entity (either an LLC or a limited partnership) with a principal place of business in North Carolina, and each Defendant is a Connecticut LLC with a principal place of business in Connecticut. Plaintiffs purportedly posit this to be sufficient to confer diversity jurisdiction on the theory that the citizenship of each Plaintiff is Delaware or North Carolina and the citizenship of each Defendant is Connecticut. Plaintiffs are mistaken.

Citizenship with respect to LLCs and limited partnerships is not as Plaintiffs envision. Rather, it is elementary that "a limited liability company takes the citizenship of *each of its members*." *Bayerische Landesbank, New York Branch v. Aladdin Capital Management*, 692 F.3d 42, 49 (2d Cir. 2012) (emphasis added); *see also Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (emphasis added), *cert. denied,* 549 U.S. 1047 (2006) ("[t]he citizenship for diversity purposes of a limited liability company . . . is the citizenship of *each of its members*"). Likewise, the citizenship of a limited partnership encompasses the citizenship of *each* of its members. *See Carden v. Arkoma Ass.*, 494 U.S. 185 (1990). Put simply, the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of

---

[2]  The Court presumes that Plaintiffs aimed to allege that this is a "limited liability *company*," on the assumption that the omission of the ultimate word was a typographical error. The Court finds support for this earlier in Plaintiffs' Complaint, and in the caption to said Complaint, where Plaintiffs refer to this entity as Foxwoods Fashion Outlets, *LLC*.

business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, [51-52] (2d Cir.2000) and remanding removed action for lack of diversity jurisdiction).[3]  Plaintiffs have failed to provide the identities and citizenship of each member of Plaintiff Owner, Plaintiff Tanger Foxwoods, Defendant Gordon and Defendant GGH, and of each partner of Plaintiff Tanger Properties.  Citizenship of each member and/or partner must be known to insure that complete diversity exists in this action.

## III.    CONCLUSION

Upon review of the Complaint, the Court has determined that Plaintiffs' factual allegations in support of subject matter jurisdiction are deficient.  Plaintiffs allege that they "bring its [*sic*] complaint under federal diversity jurisdiction, 28 U.S.C.  § 1332, as the parties are completely diverse in citizenship."  Complaint [Doc. #1] ¶7.  However, Plaintiffs' allegations regarding the citizenship of the parties fail to include the identities and citizenship of each member or partner of each party.[4]  Plaintiffs have thus failed to provide the facts necessary to determine the citizenship of any of the entities involved in this litigation.

"[I]t is well established that [t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete."  *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (internal quotations

---

[3]  *See also  City of New York v. Mickalis Pawn  Shop, LLC*,  645 F.3d 114, 127 n. 13 (2d Cir. 2011) (citing *Handelsman* as the appropriate "test for determining the citizenship of a limited-liability company").

[4]  Plaintiffs do state the identities of the members of one party, when it alleges that "[t]he sole member of Tanger Foxwoods is Tanger Properties."  This is unhelpful, however, because Plaintiffs fail to state the identities of Tanger Properties' partners and the citizenships thereof.

and citation omitted).  Therefore, in order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS Plaintiffs to establish, by affidavit, the citizenship of each party for diversity purposes as of the date Plaintiffs commenced the action, October 14, 2015.  That is, Plaintiffs must demonstrate the identity and citizenship of each member of Owner, Tanger Foxwoods, Gordon, and GGH, as well as the identity and citizenship of each Partner of Tanger Properties, by submitting an affidavit explicitly setting forth those identities and state(s) of citizenship as of October 14, 2015.

Plaintiffs shall file and serve this affidavit on or before **November 20, 2015**.  All case deadlines are hereby stayed pending the Court's review of the affidavit.  If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed.  Otherwise, in the absence of such jurisdiction, the Court will dismiss the action without prejudice to Plaintiffs filing, if so advised, in an appropriate jurisdiction.

It is SO ORDERED.

Dated: New Haven, Connecticut
October 20, 2015

/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE